IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **RICHARD SCHOMMER,** | ) | **CASE NO. 8:11CV95** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| **ACCELERATED RECEIVABLE** | ) | |
| **SOLUTIONS,** | ) | |
| | ) | |
| **Defendant.** | ) | |

This matter is before the Court on Plaintiff Richard Schommer's Motion for Attorney's Fees (Filing No. 12). For the reasons discussed below, the Motion will be granted in part.

## BACKGROUND

Plaintiff Richard Schommer ("Schommer") filed his Complaint on March 15, 2011. Schommer alleged that Defendants Accelerated Receivable Solutions ("ARS") violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. (the "FDCPA"). Schommer served the Complaint on or about April 11, 2011. Defendant never filed an Answer.

On April 14, 2011, Defendant served an Offer of Judgment (Filing No. 6-1) pursuant to Fed. R. Civ. P. 68. The Offer of Judgment offered Schommer a total of $1,001.00 plus reasonable costs and reasonable attorneys fees accrued up to the date of the offer. The Offer of Judgment stated that it was being made solely for the purposes set forth in Fed. R. Civ. P. 68, and denied liability and damages with respect to Schommer's lawsuit. On April 21, 2011, Schommer filed his Notice of Acceptance of Offer of Judgment. On May 18, 2011, the Deputy Clerk for this Court entered judgment against ARS in the amount of $1,001.00.

Schommer now claims he is entitled to $3,220.30 in attorneys fees and $410.00 in costs incurred in pursuing this action. The claim for attorneys fees represents work done by three attorneys and paralegals from the law firm of Krohn and Moss in Los Angeles, California. Mike Agruss billed 4.9 hours at a rate of $312.00 per hour. Shireen Horzmodi, also an associate, billed 1.7 hours at a rate of $250.00 per hour. Mahadhi Corzano billed 4.9 hours at $210.00 per hour. The fee schedule (Filing No. 12-3) also includes paralegal work billed at $125.00 per hour for 1.9 hours. The costs represent $350.00 for the filing fee, and $60 in expenses to serve the Complaint.

## DISCUSSION

In *Hensley v. Eckerhart*, 461 U.S. 424 (1983), the United States Supreme Court outlined the major factors to be considered by a court in awarding attorneys fees: 1) whether an award is appropriate; and 2) the value of the services rendered as determined by the "lodestar" method. *Id*. at 433. The lodestar "is calculated by multiplying the number of hours reasonably expended by the reasonable hourly rates." *Fish v. St. Cloud State University*, 295 F.3d 849, 851 (8th Cir. 2002).

**1.      Whether an Award is Appropriate**

The parties do not dispute that an award of attorneys fees and costs is appropriate in this case. Paragraph 2 of ARS's accepted Offer of Judgment states "[Schommer's] costs and reasonable attorneys' fees now accrued are to be added to the judgment as against Defendant; said fees and costs shall be as are agreed to between counsel for the parties, or if they are unable to agree, as determined by the Court upon motion."

Schommer has properly filed a motion for attorneys fees, and the parties agree that an award determined by the Court is appropriate.

## 2. Hours Reasonably Expended

The first part of the lodestar calculation is based on the hours reasonably expended on the case. "The hours reasonably expended are determined by reviewing the records submitted by counsel, verifying the accuracy of the records, and then deducting excessive, redundant, or otherwise unnecessary work." *U & I Sanitation v. City of Columbus,* 112 F.Supp.2d 902, 904 (D.Neb. 2000). "In the private sector, 'billing judgment' is an important component in fee setting . . . Hours that are not properly billed to one's *client* also are not properly billed to one's *adversary* pursuant to statutory authority." *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983) (quoting *Copeland v. Marshall,* 641 F.2d 880, 891 (D.C. Cir. 1980) (en banc) (emphasis in original)).[1]

ARS claims that the 13.4 hours claimed by Schommer's counsel are excessive because the case was straightforward, involving very little activity. ARS claims that 0.9 hours for Mike Agruss, and 1.4 hours for Mahadhi Corzano should be excluded because fees for these hours were incurred regarding settlement discussions before the action was filed. The Court will not reduce these hours. The Offer of Judgment allowed for "[Schommer's] reasonable attorneys' fees now accrued." The Offer was ambiguous as to

---

[1] Before *Hensley*, the so-called "*Johnson* factors" were the courts' primary guide in formulating awards. This Court has recognized that the Johnson factors should be considered as they bear on the calculating the lodestar. Those factors are: (1) time and labor required; (2) novelty and difficulty of issues; (3) skill required; (4) loss of other employment; (5) customary fee; (6) whether fee is fixed or contingent; (7) time limitations imposed by client or circumstances; (8) amount involved and results obtained; (9) counsel's experience, reputation, and ability; (10) undesirability of case; (11) nature and length of relationship with clients; and (12) awards in similar cases. *Johnson v. Georgia Highway Express,* 488 F.2d 714, 717 (5th Cir. 1974). The Court has considered these factors in its analysis.

whether it limited fees to those reasonably incurred between the time the Complaint was filed and the time the Offer of Judgment was accepted.  This ambiguity will be resolved in favor of Schommer and the Court will not exclude hours reasonably incurred in settlement discussions prior to filing the Complaint.

The Court, however, will not include fees incurred for hours after Schommer accepted the Offer of Judgment in its lodestar calculation.  While parties may not exclude costs entirely from an offer of judgment under Rule 68, they may define which costs are included.  *See Thompson v. Southern Farm Bureau Cas. Ins. Co.*, 520 F.3d 902, 904 (8th Cir. 2008) (Per curiam) (citing *Util. Automation 2000, Inc. v. Choctawhatchee Elec. Coop.*, *Inc.*, 298 F.3d 1238, 1241 (11th Cir.2002)).  "Rule 68 is designed to encourage complete settlement, not simply to resolve the issues of liability and remedies." *Radecki v. Amoco Oil Co.*, 858 F.2d 397, 403 (8th Cir.1988); *see also Marek v. Chesny*, 473 U.S. 1, 6-7 (1985) ("If defendants [were] not allowed to make lump-sum offers that would, if accepted, represent their total liability, they would understandably be reluctant to make settlement offers.")  Here, ARS did not include attorneys fees and costs as part of a lump-sum offer of judgment, but the parties defined the scope of the fee award.  The Offer limits fees to "reasonable attorneys' fees now accrued."  The latest possible date included within "now accrued" is April 21, 2011, the date Schommer filed his Notice of Acceptance of Defendant's Offer of Judgment (Filing No. 6).  Fees incurred after acceptance of the Offer of Judgment therefore will not be included, and the hours billed by Mike Agruss will be reduced by 0.7 hours and the hours billed by Mahadhi Corzano will be reduced by 1.1 hours.

ARS also argues that several hours billed were duplicative and/or administrative or secretarial in nature. Where more than one attorney represents a prevailing party, courts must consider the contribution of all attorneys. *A.J. v. Kierst*, 56 F.3d 849, 863-64 (8th Cir. 1995). However, "[a] court may reduce attorney hours, and consequently fees, for inefficiency or duplication of services in cases where more than one attorney is used." *Id.* at 864. ARS has identified several billed entries that it argues should be considered duplicative or administrative. Several of these entries include discussions between two attorneys, for which both attorneys billed the time. Other entries include two or more attorneys billing for what appears to be the same service, or entries repeated for general tasks such as "reviewed case." While case review and consultation between multiple attorneys are not per se unreasonable, the Court's review of the fee schedule reveals some duplicative and administrative entries. Accordingly, the Court reduces the hours billed by Mike Agruss and Mahadhi Corzano by 1.4 hours, and the hours billed by Shireen Hormozdi by 0.7 hours.

**3.    Reasonableness of the Hourly Rates**

In considering the second part of the equation, the reasonableness of the hourly rates, "[t]he burden is on the moving party to provide evidence supporting the rate claimed." *Wheeler v. Missouri Highway & Transportation Comm'n*, 348 F.3d 744, 754 (8th Cir.2003). Further, "district courts may rely on their own experience and knowledge of prevailing market rates." *Hanig v. Lee,* 415 F.3d 822, 825 (8th Cir. 2005) (citing *Warnock v. Archer*, 397 F.3d 1024, 1027 (8th Cir. 2004)). Schommer provides reports and surveys as evidence for the prevailing market rate. However, none of these reports suggests a reasonable rate for attorneys in the Nebraska market. Schommer does include a

"Consumer Law Attorney Fee Survey" (Filing No. 12-6), concluding that the rates charged by counsel for Schommer are within the range reported in an eleven-state region in the midwest. This broad evidence is not sufficient to establish the reasonable rate in this market.

ARS offers the Affidavit of Joshua Dickinson, an Omaha attorney with significant experience litigating FDCPA cases in this Court. Dickinson states that the reasonable rate in Nebraska is $215.00 per hour for Agruss, $200.00 per hour for Horzmodi, $170.00 per hour for Corzano, and $100.00 per hour for paralegal work. Schommer has not met his burden of proof, establishing the reasonable market rate, and Dickinson and his firm have significant FDCPA practice before this Court. Accordingly, the Court will adjust the hourly rates to those given by Dickinson as the prevailing rate in this market.

**4.    Calculation**

For the reasons discussed above, the Court will reduce the attorney fee award in the manner described. According to the lodestar method, the reasonable fees for Plaintiff's attorneys are:

| | | |
|---|---|---|
| Agruss | 2.8 hours x $215 per hour | = $ 602.00 |
| Horzmodi | 1.0 hours x $200 per hour | = $200.00 |
| Corzano | 2.4 hours x $170 per hour | = $408.00 |
| Paralegal | 1.9 hours x $100 per hour | = $190.00 |

Thus, the total lodestar calculation for attorneys fees is $1,400.00. The Court finds no reason to otherwise enhance or reduce this award.

**5.     Costs**

Schommer also claims that he is entitled to costs incurred in bringing this action. ARS does not dispute that Schommer is entitled to the filing fee of $350.00. Schommer also claims that it is entitled to $60.00 for serving the Complaint; however, any costs incurred by Schommer other than the fee paid to the process server were presented in the fee schedule as "paralegal services." Schommer has provided no other evidence supporting the costs of serving the Complaint. Accordingly, the Court will award $35.00 in additional costs, representing a reasonable fee to hire a process server.

IT IS ORDERED:

1.  The Plaintiff Richard Schommer's Motion for Attorney's Fees (Filing No. 12) is granted in part as follows:

    a.  Plaintiff Richard Schommer is entitled to an award of attorneys' fees in the total amount of $1,400,

    b.  Plaintiff Richard Schommer is entitled to reimbursement of his costs in the total amount of $385.00.

Dated this 4th day of August, 2011.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge